IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIA R.,

    Plaintiff,

v.                                                Civ. No. 24-74 GBW

LELAND DUDEK, *Acting Commissioner of the Social Security Administration*[1],

    Defendant.

## ORDER DENYING REMAND

THIS MATTER comes before the Court on Plaintiff's Motion for Judgment on the Pleadings. *Doc. 11*. For the reasons explained below, the Court DENIES Plaintiff's Motion and AFFIRMS the judgment of the Social Security Administration ("SSA").

### I. PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Income ("SSDI") on July 26, 2019, alleging disability beginning on January 19, 2017. Administrative Record ("AR") at 236, 227. Plaintiff's application was denied on initial review on November 12, 2019, and upon reconsideration on October 4, 2021. *Id.* at 133-36, 142-46. On November 10, 2022, a hearing was held by an Administrative Law Judge ("ALJ"). *Id.* at 59-89. The

---

[1] Leland Dudek is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil procedure, Leland Dudek should be substituted for Commissioner Martin O'Malley as the defendant in this suit.

ALJ issued an unfavorable decision on March 14, 2023. *Id.* at 31-58. Plaintiff sought review from the Social Security Administration's ("SSA") Appeals Council, which denied review on August 24, 2023, *id.* at 18-23, making the ALJ's denial the Commissioner's final decision, *see* 20 C.F.R. § 404.981.

On January 22, 2024, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's decision. *Doc. 1*. On June 3, 2024, Plaintiff filed the instant Motion. *Doc. 11*. Defendant filed his response on July 31, 2024. *Doc. 15*. Plaintiff's reply would have been due on August 14, 2024, but none was filed. Therefore, briefing on the Motion is complete. D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

II.     **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, [the Court] neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.2d at 800 (internal quotation marks omitted). "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citation and quotation omitted). Indeed, the substantial evidence standard is met unless the evidence on which the ALJ is "overwhelmed by other evidence in the record or constitutes mere conclusion." *See Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)).

### III. ALJ EVALUATION

#### A. Legal Standard

For purposes of SSDI benefits, an individual is disabled when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 404.1520.  If the Commissioner finds an individual disabled at any step, the next step is not taken.  *Id.* § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairments meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  *Id.* § 404.1520(a)(4)(i–iv) (citing *id.* § 404.1509); *Grogan*, 399 F.3d at 1261.

Step four of this analysis consists of three phases.  *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).  A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations."  *Id.* § 404.1545(a)(1).  Second, the ALJ "determine[s] the physical and mental demands of the claimant's past relevant work."  *Winfrey*, 92 F.3d at 1023.  "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically

4

established limitations.'" *Id*. at 1024 (quoting Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id.* at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### B. The ALJ's Decision

On March 14, 2023, the ALJ issued her decision denying Plaintiff's application for SSDI benefits. *See* AR at 34-53. In denying Plaintiff's application, the ALJ applied the five-step sequential analysis. At step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of January 19, 2017, through her date last insured of June 30, 2018." *Id.* at 38.

At step two, she found that Plaintiff has the following severe impairments: multilevel degenerative disc disease (DDD) of the lumbar spine with disc bulges and facet arthrosis. *Id.* She also noted that Plaintiff has non-severe medically determinable mental impairments attributable to diagnoses of major depressive disorder and post-traumatic stress disorder. *Id.* at 39-43. At step three, the ALJ determined that Plaintiff

5

"did not have an impairment or combination of impairments that met or medically equaled the severity of one in the [Listings]." *Id.* at 43.

At step four, the ALJ found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b). *Id.* at 44. The ALJ also found that Plaintiff is limited to never climbing ladders, ropes, or scaffolds, but could occasionally climb ramps and stairs, and she could occasionally balance, stoop, crouch, kneel and crawl. *Id.* The ALJ also found that she needs to avoid exposure to vibration, extreme cold, dangerous moving machinery, and unprotected heights. *Id.* In making these findings, the ALJ concluded that Plaintiff has the RFC to return to her past relevant work as a fingerprint clerk and routine general clerk ((Dictionary of Occupational Titles ("DOT") Codes #209.367-026 and #209.562-010, respectively), and is thus not disabled. *Id.* at 51-53.

IV.  **ANALYSIS**

Plaintiff argues that the ALJ erred by failing to incorporate her mild mental limitations into the RFC assessment by not adequately considering these limitations in formulating her RFC. *Doc. 11-2* at 8-17. However, Plaintiff does not dispute the ALJ's determination that her mental limitations were mild. *See doc. 11-2.* In response, Defendant argues that the ALJ was not required to include Plaintiff's mild limitations in the RFC and maintains that the ALJ properly considered these limitations in reaching Plaintiff's RFC determination. *Doc. 15* at 8-22. For the reasons outlined below, the Court agrees with the Defendant.

### A. The ALJ appropriately considered Plaintiff's mild mental limitations in formulating the RFC.

The RFC assessment is "a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96-8p, 1996 WL 374184, at *3 (July 2, 1986). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.* at *7. Mental limitations identified at step two of the sequential evaluation process "are not an RFC assessment." *Id.* at *4. Although the ALJ must consider the combined effect of all the claimant's medically determinable impairments, whether severe or non-severe, a finding of a mild to moderate limitation at step two "does not necessarily translate to a work-related functional limitation for purposes of the RFC assessment." *Vigil v. Colvin*, 805 F.3d 1199, 1203 (10th Cir. 2015).

A conclusion that a given impairment is non-severe at step two does not permit an ALJ to disregard that impairment when determining the RFC and making conclusions at steps four and five. *Wells v. Colvin*, 727 F.3d 1061, 1068-69 (10th Cir. 2013); *also see Suttles v. Colvin*, 543 F. App'x 824 (10th Cir. 2013). However, reversal is not warranted for an insufficient RFC assessment at step four when the ALJ, at step two, conducts a thorough discussion and detailed analysis of the claimant's non-severe impairments and subsequently, at step four, acknowledges the obligation to consider all impairments and affirms that the entire record and all symptoms were considered,

thereby demonstrating that the RFC assessment is adequately supported by the record. *Bradley v. Colvin*, 643 F. App'x 674, 676 (10th Cir. 2016)[2]; *see also V.D. v. O'Malley*, 2024 WL 4123496, at *4 (D. Colo. Sept. 9, 2024) (applying *Bradley* to non-severe mental impairments). In *Bradley*, the Tenth Circuit held that where an ALJ discussed a non-severe physical impairment in detail at step two and recognized the obligation to consider all severe and non-severe impairments at step four, the ALJ did not improperly rely on a step two analysis as a replacement for an RFC inquiry. *Bradley*, 643 F. App'x 674. The Tenth Circuit stated, "[b]ecause the record shows the ALJ considered Bradley's hand impairments in determining his RFC, the ALJ's failure to specifically discuss them at the fourth step does not require reversal." *Id.* at 676; *see also Bales v. Colvin*, 576 F. App'x 792, 799 (10th Cir. 2014) ("[W]hen an 'ALJ indicates she has considered all the evidence, [the Court's] practice is to take the ALJ at her word.'") (quoting *Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009)); *Crandall v. O'Malley*, 2024 WL 1090597, at *6 (D.N.M. Mar. 13, 2024*), report and recommendation adopted* (D.N.M. Mar. 28, 2024) ("While the RFC assessment must include a narrative discussion, that is not to say that the narrative discussion must come under a particular heading in the decision. Rather, when the ALJ has adequately discussed the evidence at step two, the ALJ need not

---

[2] Though unpublished and thus not binding, the Court finds the reasoning in *Bradley* persuasive. *See* 10th Cir. R. 32.1(A).

repeat that analysis at other steps of the sequential evaluation.") (citing *inter alia Bradley*, 643 F. App'x at 676).

Here, in determining Plaintiff's RFC, the ALJ properly considered the evidence regarding Plaintiff's mild mental limitations because she adequately discussed Plaintiff's impairments at step two and explained their impact at step four in her RFC assessment. At step two, the ALJ thoroughly discussed Plaintiff's mental impairments and the evidence supporting them. Specifically, the ALJ determined that Plaintiff had no limitations in understanding, remembering, or applying information. AR at 43. The ALJ also determined that Plaintiff had mild limitations in interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* In making these determinations, the ALJ discussed Plaintiff's 2021 written responses to the "Function Report" (Form SSA-3373), her testimony from the November 2022 hearing, and her interactions with different social workers and doctors. *Id.* at 39-42. In examining the evidence that was probative between the onset date and date last insured, the ALJ determined that the evidence "fail[ed] to suggest any significant, more than minimal, limitations caused in mental functioning due to symptoms attributable to the two diagnoses of major depressive disorder and PTSD." *Id.* at 42. Further supporting the determination that Plaintiff's limitations were minimal, the ALJ acknowledged reports of improving symptoms within the relevant time period, and

found that they were not consistent with the extent of alleged intensity and persistence of depression, anxiety, or trauma-related symptoms. *Id.*

At step four, the ALJ explained the impact of Plaintiff's mental impairments on her RFC determination in a distinct analysis, further evidencing her consideration of Plaintiff's mental impairments. Like the ALJ in *Bradley*, she explained the impact of her determination of Plaintiff's mental impairments, noting that she took into consideration "the entire record" and "considered all symptoms." *Id.* at 44; *see Bradley*, 643 F. App'x at 676. She discussed Plaintiff's mental health symptoms and found that the intensity, persistence, and functionally limiting effects of pain and other symptoms are no more than *partially consistent* with the evidence from the record. AR at 45, 49 (emphasis added). The ALJ then noted that evidence did not support "any significant limitations in work-related mental abilities, whether due to the non-severe mental impairments alone or in combined effect with conservatively managed chronic back pain[.]" *Id.* at 49. The ALJ further discussed the persuasiveness a 2020 questionnaire completed by Dr. Evan Nelson, M.D., which had indicated that Plaintiff requires "a 'quiet' work environment." *Id.* at 50. While incorporating her step two analysis, the ALJ's discussion here was a mental RFC assessment separate from the non-severity determination made at step two. *Suttles*, 543 F.App'x at 826.

Taken as a whole, the ALJ adequately considered Plaintiff's mild limitations in formulating Plaintiff's RFC. She did not improperly rely on her step two findings to

10

substitute her step four analysis. *Wells*, 727 F.3d at 1068-69. Rather, the ALJ's detailed discussion of Plaintiff's mental health symptoms demonstrates that she fully considered them in assessing the RFC. *Bradley*, 643 F. App'x at 676. While she "admittedly could have been more explicit in tying the former discussion to the latter conclusion," *Suttles*, 543 F. App'x at 826, the ALJ sufficiently distinguished her RFC analysis from her step two non-severity determination. Moreover, the Court credits the ALJ's assertion that she considered the entire record and all of Plaintiff's symptoms, *see Bales*, 576 F. App'x at 799, and finds that her discussion of her mental impairments at steps two and four reflects this consideration, *Bradley*, 643 F. App'x at 676. Because the ALJ's evaluation of Plaintiff's mental impairments aligns with the conclusion that no mental restrictions were necessary in the RFC, their omission does not constitute reversible error. *See Vigil*, 805 F.3d at 1203.

## V. CONCLUSION

For the foregoing reasons, the Court finds no reversible error in the ALJ's decision. Therefore, the Court DENIES Plaintiff's Motion for Judgment on the Pleadings (*doc. 11*) and AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**